UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEEDARA HICKS,

    Plaintiff,

v.   Case No: 2:15-cv-254-FtM-29DNF

THE LEE COUNTY SCHOOL DISTRICT,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #6) filed on April 20, 2015. Plaintiff filed a Response in Opposition (Doc. #8) on April 21, 2015.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On July 27, 2011, plaintiff Deedara Hicks (plaintiff) was hired by the Lee County School District (the "School District" or defendant) to serve as the School District's Director of Secondary Operations. (Doc. #1, ¶ 7.) On May 1, 2013, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that she was continuously subjected to

disparate treatment and harassment due to her debilitating health conditions, race, and age. (Id.) Shortly after plaintiff filed the charge of discrimination, defendant informed plaintiff that she would not be reappointed to her position. After learning of her termination, plaintiff filed another charge of discrimination with the EEOC alleging that she was retaliated against for filing her first charge of discrimination. (Id. ¶ 8.)

During the course of the EEOC's investigation, the parties agreed to attend a preliminary mediation with the EEOC on July 27, 2013. (Id. ¶ 9.) As a pre-condition to mediation, the parties signed an Agreement to Mediate and Confidentiality Agreement stating that "[t]he parties agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding." (Doc. #1-1, p. 7.) The parties settled the matter at the July 27, 2013 mediation, and on October 10, 2013, plaintiff executed a General Release of Claims (the "Release"). (Doc. #1, ¶ 10.)

Prior to the execution of the Release, Jeanne Dozier (Dozier), a member of the School District, allegedly breached the Confidentiality Agreement by making a number of remarks regarding plaintiff's claims at a public and televised Lee County School District action meeting. (Id. ¶ 12.) Specifically, Dozier addressed plaintiff's claims of discrimination and disclosed the details of the confidential settlement negotiations, including

3

plaintiff's willingness to accept a lesser amount than originally demanded. (Id. ¶ 11.) Plaintiff claims that Dozier violated the Confidentiality Agreement in order to adversely affect plaintiff's credibility, character, and future employment. (Id. ¶ 14.)

Plaintiff informed the EEOC of Dozier's "retaliatory" conduct on November 19, 2013, by filing another charge of discrimination. (Doc. #1-1, p. 7.) The EEOC dismissed plaintiff's charge of discrimination on February 19, 2015, and informed plaintiff that she had 90 days to file a lawsuit against the School District. (Id. at 2.) Plaintiff's Complaint, filed March 16, 2015, sets forth the following three claims against the School District: (I) retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (II) retaliation in violation of the Florida Civil Rights Act (FCRA); and (III) discrimination and retaliation in violation of 42 U.S.C. § 1981. (Doc. #1.)

### III.

Defendant asserts that the Complaint should be dismissed because plaintiff's claims are barred by the Release executed on October 10, 2013. In response, plaintiff argues that defendant's motion should be denied because the School District is attempting to expand the breadth of the settlement agreement. The Court need not resolve this issue at this time because plaintiff has failed to state a claim upon which relief may be granted.

Title VII prohibits retaliation against employees-including former employees-when the employee has filed a charge of

4

discrimination against the employer.  See 42 U.S.C. § 2000e-3(a); Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997).  In order to state a claim for retaliation under Title VII,[1] plaintiff must allege that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity.  Webb-Edwards v. Orange Cnty. Sheriff's Office, 525 F.3d 1013, 1028 (11th Cir. 2008) (citing Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir. 1998)).  After reviewing the allegations in the Complaint, the Court finds that plaintiff has failed to allege that she was subjected to an adverse employment action.

In order to satisfy the adverse employment action element, the employee must show either an ultimate employment decision, such as termination, failure to hire, or demotion, or, for conduct that falls short of an ultimate employment decision, "*serious* and *material* changes in the terms, conditions, or privileges of employment."  Hall v. Dekalb Cnty. Gov't, 503 F. App'x 781, 787 (11th Cir. 2013) (quoting Crawford v. Carroll, 529 F.3d 961, 970-71 (11th Cir. 2008)).  The asserted adverse employment action cannot be speculative: "it must at least have a tangible adverse

---

[1] Claims under the FCRA and 42 U.S.C. § 1981 are subject to the same analysis as Title VII claims.  See Valenzuela v. GlobeGround North Am., LLC, 18 So.3d 17, 21 (Fla. 3d DCA 2009); Phillips v. Aaron Rents, Inc., 262 F. App'x 202, 207 (11th Cir. 2008).

5

effect on the plaintiff's employment." Waters v. Home Depot U.S.A., Inc., 159 F. App'x 943, 944 (11th Cir. 2005).

Here, plaintiff alleges that the School District continued to harass and retaliate against her in an effort to defame her character and prevent her from obtaining future employment. (Doc. #1, ¶ 15.) Plaintiff, however, has failed to allege that Dozier's statements actually worked a serious and material change in the terms and conditions of her current or prospective employment. Because plaintiff has failed to plausibly allege that she suffered an adverse employment action, dismissal is warranted. See Waters, 159 F. App'x at 944.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #6) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of May, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record