```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DEEDARA HICKS,

      Plaintiff,

v.                                          Case No: 2:15-cv-254-FtM-29DNF

THE LEE COUNTY SCHOOL DISTRICT,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Renewed Motion to Dismiss (Doc. #21) filed on July 8, 2015. Plaintiff filed a Response in Opposition (Doc. #22) on July 13, 2015. For the reasons set forth below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

"Generally, the existence of an affirmative defense will not support a motion to dismiss," Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), aff'd on reh'g, 764 F.2d 1400 (11th Cir. 1985) (en banc) (per curiam) (reinstating panel opinion), because plaintiffs are not required to negate an affirmative defense in their complaint. La Grasta v. First Union

Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). A complaint may be dismissed, however, when the existence of an affirmative defense "clearly appears on the face of the complaint." Quiller, 727 F.2d at 1069.

**II.**

On July 27, 2011, plaintiff Deedara Hicks (plaintiff) was hired by the Lee County School District (the "School District" or defendant) to serve as the School District's Director of Secondary Operations. (Doc. #18, ¶ 7.) On May 1, 2013, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she was continuously subjected to disparate treatment and harassment due to her debilitating health conditions, race, and age. (Id. ¶¶ 7-8; Doc. #8-1.) Shortly after plaintiff filed the charge of discrimination, defendant informed plaintiff that she would not be reappointed to her position. After learning of her termination, plaintiff filed another charge of discrimination with the EEOC alleging that she was retaliated against for filing her first charge of discrimination. (Doc. #8-2; Doc. #18, ¶ 8.)

During the course of the EEOC's investigation, the parties agreed to attend a preliminary mediation with the EEOC on July 27, 2013. (Doc. #18, ¶¶ 9-10.) As a pre-condition to mediation, the parties signed an Agreement to Mediate and Confidentiality Agreement stating that "[t]he parties agree that all matters discussed during the mediation are confidential, unless otherwise

3

discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding." (Doc. #1-1, p. 7.) On October 10, 2013, the parties attended a final mediation where they reached a settlement. (Doc. #18, ¶ 10.) On October 10, 2013, plaintiff also executed a General Release of Claims (the "Release"). (Doc. #6, pp. 9-10.)

On September 24, 2013, prior to the formal and final mediation and plaintiff's execution of the Release, Jeanne Dozier (Dozier), a member of the School District, allegedly breached the Confidentiality Agreement by making a number of remarks regarding plaintiff's claims at a public and televised Lee County School District action meeting. (Doc. #18, ¶ 12.) Specifically, Dozier addressed plaintiff's claims of discrimination and disclosed the details of the confidential settlement negotiations, such as those to be discussed and finalized at the October 10, 2013 formal and final mediation, including plaintiff's willingness to accept a lesser amount than originally demanded. (Id. ¶¶ 11-12.) Plaintiff claims that Dozier violated the Confidentiality Agreement in order to adversely affect plaintiff's credibility, character, and future employment. (Id. ¶ 14.) Plaintiff alleges that Dozier and other employees of defendant continued to retaliate against plaintiff after the board meeting. (Id. ¶ 12.)

On November 19, 2013, Plaintiff informed the EEOC of Dozier's "retaliatory" conduct by filing another charge of discrimination. (Doc. #8-3.) The EEOC dismissed plaintiff's charge of

discrimination on February 19, 2015, and informed plaintiff that she had 90 days to file a lawsuit against the School District. (Doc. #1-1, p. 2.)  Plaintiff's Amended Complaint, filed March 16, 2015, sets forth the following three claims against the School District: (I) retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (II) retaliation in violation of the Florida Civil Rights Act (FCRA); and (III) discrimination and retaliation in violation of 42 U.S.C. § 1981.  (Doc. #18.)

### III.

Defendant asserts that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #21.)  Specifically, defendant argues that: (1) plaintiff has failed to state a claim upon which relief can be granted for retaliation and (2) even if plaintiff has sufficiently stated a claim for retaliation, plaintiff's claims are barred by the October 10, 2013 Release. (Id.)

**A. Sufficiency of Title VII Claim**

Defendant moves to dismiss plaintiff's Amended Complaint on the basis that plaintiff has failed to allege facts sufficient to show that the alleged retaliatory actions caused an adverse employment decision.  (Id. at 5-7.)  Plaintiff asserts that she has adequately alleged facts sufficient to state a claim for retaliation. (Doc. #22.)

Title VII prohibits retaliation against employees—including former employees—when the employee has filed a charge of

5

discrimination against the employer. See 42 U.S.C. § 2000e-3(a); Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997). "Title VII's anti-retaliation provision, in contrast to its substantive provision, must be construed to cover a broad range of employer conduct." Underwood v. Dep't of Fin. Servs. State of Fla., 518 F. App'x 637, 641 (11th Cir. 2013) (citing Burlington N. & Santa Fe R.R. Co. v. White, 548 U.S. 53, 67 (2006)). In order to state a claim for retaliation under Title VII,[1] plaintiff must allege that (1) she engaged in protected activity; (2) she suffered a materially adverse action; and (3) the adverse action was causally related to the protected activity. Id. (citing Dixon v. The Hallmark Cos., 627 F.3d 849, 856 (11th Cir. 2010)).

In response to the Court's previous order dismissing plaintiff's claim for retaliation for failure to allege an adverse employment action (Doc. #14), plaintiff amended her Complaint to include the following allegations:

> Had HICKS known that she would have been banned, ostracized, or "black listed" from her profession by the actions of LEE COUNTY, DOZIER, MOORE and other agents, employees, representatives of LEE COUNTY she would have been dissuaded from filing any charges of discrimination against LEE COUNTY and dissuaded from engaging in the EEOC process with or against LEE COUNTY. As a direct result of the retaliatory actions and conduct of LEE COUNTY, JEANNIE DOZIER, RANICE MOORE, and other agents, employees and representatives of LEE COUNTY, HICKS

---

[1] Claims under the FCRA and 42 U.S.C. § 1981 are subject to the same analysis as Title VII claims. See Valenzuela v. GlobeGround North Am., LLC, 18 So.3d 17, 21 (Fla. 3d DCA 2009); Phillips v. Aaron Rents, Inc., 262 F. App'x 202, 207 (11th Cir. 2008).

>suffered adverse employment actions as she was denied and informed that she would not be hired because of the statements, comments, rumors, remarks, and actions to the following (but not exhaustive or only) employment opportunities and positions:
>1. Orange County Public Schools-Principal-August 2013
>2. Orange County Public Schools-Director-January 2014
>3. Orange County Public Schools-Resource Teacher-February 2014
>4. District of Columbia Public Schools-Principal-April 2014
>5. Seminole County Public Schools-Principal-December 2014

(Doc. #18, ¶ 16.)

After reviewing the allegations in the Amended Complaint, the Court finds that plaintiff has sufficiently alleged facts to state a claim for retaliation. Plaintiff has alleged that she engaged in protected activity (Id. ¶¶ 8-10, 20), that she suffered a materially adverse action (Id. ¶¶ 16, 21), and that the adverse action was causally related to plaintiff engaging in protective activity. (Id. ¶¶ 11, 16, 21.) The post-employment retaliation alleged in plaintiff's Complaint, namely blacklisting, is precisely the type of conduct that the Title VII anti-retaliation provision protects against. See Robinson, 519 U.S. 337. Plaintiff's Amended Complaint alleges that defendant's retaliatory statements, comments, rumors, remarks, and actions were made to future employers to prevent plaintiff from obtaining prospective employment opportunities. Further, plaintiff alleges that as a result of defendant's statements, comments, rumors, remarks, and actions, plaintiff was denied prospective employment

opportunities. This sufficiently alleges a material adverse action under Rule 12(b)(6).[2]

**B. October 10, 2013 Release**

Defendant asserts that plaintiff's claims are barred by the October 10, 2013 Release. (Doc. #21, p. 7.) In response, plaintiff argues that defendant's motion should be denied because the Release does not govern the allegations contained in plaintiff's Complaint and the School District is attempting to expand the breadth of the settlement agreement. (Doc. #22, pp. 8-12.)

The defendant raises the defense of the Release in the form of a 12(b)(6) motion. A general release is an affirmative defense and generally not appropriate to raise on a motion to dismiss. The Court may review an affirmative defense on a motion to dismiss if the existence of the affirmative defense "clearly appears on the face of the complaint." Quiller, 727 F.2d at 1069. Here, the Complaint does not attach the Release to it nor contain any references to the Release. (Doc. #18.) As such, it is inappropriate to review the affirmative defense at this stage of the proceedings.

---

[2] The Court's determination that plaintiff has sufficiently stated a claim for retaliation under Title VII is equally applicable to plaintiff's claim for retaliation under the Florida Civil Rights Act. Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1389-90 (11th Cir. 1998) ("[D]ecisions construing Title VII guide the analysis of claims under the Florida Civil Rights Act.").

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #21) is **DENIED.**

2. Defendant shall file a responsive pleading within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 4th day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

9